UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JASON PHILLIP ARNETT,                                                    Plaintiff,

v.                                                    Civil Action No. 3:15cv-P146-DJH

CITY OF LOUISVILLE *et al.,*                                              Defendants.

* * * * *

## MEMORANDUM OPINION AND ORDER

Plaintiff Jason Phillip Arnett filed this *pro se* action pursuant to 42 U.S.C. § 1983 proceeding *in forma pauperis*.  This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 60 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  Upon initial review, for the reasons set forth herein, the Court will dismiss some of Plaintiff's claims.  The Court will also order Plaintiff to provide the status of his criminal charges to determine if the remaining claims must be stayed.

**I.**

Plaintiff is an inmate at the Kentucky State Reformatory (KSR).  He lists himself in the complaint as a pre-trial detainee.  He sues the City of Louisville, Louisville Police Chief Steven Conrad, ten Louisville Metro Police Department (LMPD) officers, and "Unknown SWAT Agents."  He sues Defendants in their individual and official capacities.

Plaintiff states that on February 13, 2014, Defendant Det. William Pearson, Defendant LMPD officers, and unknown SWAT officers came to his home and executed a search warrant.  Officers used "flash bang grenades and breaching tools" and destroyed several doors and windows, as well as Plaintiff's personal property.  He states that a "flash bang grenade exploded

(approx.) 6 feet from Plaintiff's face, while he slept in upstairs bedroom." He said that unknown SWAT officers then "jumped on Plaintiff's back, smashed his head into the bed as he was handcuffed, draged Plaintiff to the floor, kept jumping on him using knees, and fist, causing his nose to bleed" and other injuries. Plaintiff states that he asked to go to a hospital or see a doctor but was told "no." He states that an "EMT wiped the blood from Plaintiff's face and told Plaintiff he would be fine." He also contends that he continues to have "excruciating pain"; that he undergoes physical therapy due to the incident; and that he is being treated for post-traumatic stress disorder and insomnia due to the incident.

Plaintiff states that Defendant Pearson "changed times on the investigation report, and seized property forms." Plaintiff describes numerous items of his property which were seized or destroyed. He maintains that officers seized property from his home that was not named in the search warrant. Plaintiff also states that no one from LMPD secured his house after the search which led "to people looting and causing more damage." He lists numerous items of his property which were stolen.

Plaintiff maintains that Defendant City of Louisville "had a duty and legally responsible for the operations, up-keep and proper training for the employees of [LMPD], and to prevent civil rights from being violated." He also contends that Defendants Conrad and Pearson had a "duty and legal responsible for the operations and proper training for the employees of the LMPD and to prevent civil rights from being violated." Plaintiff states that Defendant Sgt. M. Thomerson "was assigned assessor to Lead Detective for Plaintiff's residence . . . . He had a duty and was legally responsible for the complete operations, supervision of Fourth Divion Flex Unit, and SWAT Team." He also states that Defendant Ryan C. Bates was the "Unit Supervisor/

Commander of the LMPD SWAT Team had a duty and legally responsible for all operations, command and equipment along with the proper training to prevent civil rights violations."

Plaintiff states that a search warrant was left at his home but that he "received discovery and is now in possession of two search warrants, one is not a copy, and not in the discovery and is signed in 'Blue INK' both having different handwriting." He states that one of the search warrants was not produced in his discovery. He further maintains, "On the investigative report the time of action is 1400 hrs. on the seized property report the time is 1200 hrs. this shows that reports were back dated and times were changed." He states that Defendants "intentionally drafted, backdated and forged reports and the search warrant" for his residence. He states that Defendants "falsified and back dated and forged legal documents . . . ." Plaintiff further contends that there was never a copy of the search warrant sent to the SWAT Team Commander prior to entry of his home. He also states that Defendant Pearson "never documented any damages that were done to the residence . . . ."

Plaintiff contends that his 4th, 13th, and 14th Amendment rights under the United States Constitution and rights under Sections 10, 27, and 28 of the Kentucky Constitution were violated. He states that he has photos that show "what seems to be an illegal search and seizure."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. When determining whether a plaintiff has stated a claim upon which relief can be granted, the

court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

The Court broadly construes the complaint as alleging false arrest, illegal search and seizure, excessive force, and denial of medical treatment against all Defendants in their individual and official capacities in violation of the Fourth, Thirteenth, and Fourteenth Amendments to the United States Constitution and Sections 10, 27, and 28 of the Kentucky Constitution.

### *Constitutional claims*

The Court will dismiss Plaintiff's claims under the Thirteenth Amendment as the Thirteenth Amendment is wholly inapplicable to the facts raised in the complaint. *See United States v. Kozminski*, 487 U.S. 931, 942 (1988) ("The Thirteenth Amendment declares that '[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.'"). Plaintiff also alleges violations of Kentucky Constitution Sections 10 ("Security from search and seizure; conditions of issuance of warrant"); 27 ("Powers of government divided among legislature, executive, and judicial departments"); and 28 ("One department not to exercise power belonging to another"). As only Section 10 is applicable to the facts alleged in the complaint, the Court will dismiss the claims under Sections 27 and 28.

Accordingly, **IT IS ORDERED** that Plaintiff's claims under the Thirteenth Amendment to the United States Constitution and Sections 27 and 28 of the Kentucky Constitution are **DISMISSED**.

### *Claims against City of Louisville and official-capacity claims*

The Court construes Plaintiff's claims against the City of Louisville as being brought against the merged Louisville Metro Government and will direct the Clerk of Court to amend the

caption accordingly. *See Metro Louisville/Jefferson Cnty. Gov't v. Abma*, 326 S.W.3d 1, 14 (Ky. Ct. App. 2009) (indicating that "Louisville/Jefferson Metro Government is the post-merger successor to the City of Louisville"); *St. Matthews Fire Prot. Dist. v. Aubrey*, 304 S.W.3d 56, 60 (Ky. Ct. App. 2009) (stating that "Jefferson County and the City of Louisville have merged to form the Louisville Metro Government").

As to the official-capacity claims against all other Defendants, such claims "'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's claims against all Defendants in their official capacities are construed as brought against the Louisville Metro Government. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 694.

> There are at least four avenues a plaintiff may take to prove the existence of a municipality's illegal policy or custom. The plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations.

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005); *Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013) ("[T]he Supreme Court has held that a municipality can be liable under

6

§ 1983 on a failure-to-train theory when the 'failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.'") (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

Here, Plaintiff alleges that Defendants Louisville Metro Government, Conrad, Pearson, Thomerson, and Bates had a duty and legal responsibility for proper training and supervision of LMPD or SWAT officers and to prevent civil rights from being violated.  The Court liberally construes Plaintiff's complaint, as it is required to do at this stage, as asserting a claim against the Louisville Metro Government for a failure-to-train LMPD and SWAT officers in the execution of a search warrant and will allow that claim to continue.  As this claim is proceeding directly against the Louisville Metro Government, the Court will dismiss the official-capacity claims against all other Defendants without prejudice as redundant to and subsumed by the continuing claim against their employer, the municipality.  *See Von Herbert v. City of St. Clair Shores*, 61 F. App'x 133, 140 n.4 (6th Cir. 2003) (Krupansky, dissenting) ("Herbert's official-capacity federal claims against [the individual defendants] were redundant, because they were subsumed by her § 1983 charge against the city."); *Smith v. Brevard Cnty.*, 461 F. Supp. 2d 1243, 1251 (M.D. Fla. 2006) (dismissing claims against individuals sued in their official capacity as redundant where their employer was also named as a defendant); *Smith v. Bd. of Cnty. Comm'rs of Cnty. of Lyon*, 216 F. Supp. 2d 1209, 1219-20 (D. Kan. 2002) (dismissing the claim against the sheriff sued only in his official capacity as redundant since the governmental entity of which he was an officer or agent was also a defendant in the action).

Accordingly, **IT IS ORDERED** that Plaintiff's claims against all Defendants in their official capacities are **DISMISSED** without prejudice to the continuing claims against the Louisville Metro Government.  The Louisville Metro Government, as legal successor to the City

of Louisville, is the proper Defendant, and the **Clerk of Court is DIRECTED to amend the caption to reflect the Louisville Metro Government as the proper Defendant in this action.**

### *Status of charges*

Plaintiff alleges Fourth and Fourteenth Amendments claims against all Defendants. The U.S. Supreme Court has held:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Wallace v. Kato,* 549 U.S. 384, 393 (2007).  While Plaintiff is incarcerated at KSR, which would suggest that he has been convicted of crimes in relation to this incident, he identifies himself as a pre-trial detainee and gives no indication that the charges against him have been resolved or what the outcome may have been.  In light of *Wallace v. Kato*, if Plaintiff's criminal case stemming from the alleged incident is still pending, it may be necessary for the Court to stay the instant action until completion of the criminal matter.

**IT IS THEREFORE ORDERED** that within **30 days** of the date of entry of this Order, Plaintiff shall advise this Court in writing as to the status of the criminal charges against him. Specifically, Plaintiff must:

(1) state all charges filed against him arising out of the incident that is the subject of this lawsuit;

(2) provide the Court with the criminal action number(s) for those charges;

(3) state whether the charges have been dismissed, are still pending, or whether he has been convicted;

(4) if he has been convicted, state whether a direct appeal or state collateral proceeding is pending;

(5) if he has been convicted, state specifically on what charges he was convicted and provide a copy of the order or judgment of conviction entered in state court; and

(6) if any charges have been dismissed, state specifically what charges have been dismissed and provide a copy of the order or judgment entered in state court.

Plaintiff is **WARNED** that his failure to comply with this Memorandum Opinion and Order within **30 days** will result in dismissal of this action for failure to comply with an Order of this Court and for failure to prosecute.

Date:   July 29, 2015

**David J. Hale, Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      Jefferson County Attorney
4415.010

9