UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JASON PHILLIP ARNETT,                                                                                      Plaintiff,

v.                                                                                   Civil Action No. 3:15cv-P146-DJH

CITY OF LOUISVILLE *et al.*,                                                                           Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jason Phillip Arnett filed this *pro se* action pursuant to 42 U.S.C. § 1983 proceeding *in forma pauperis*. By Memorandum Opinion and Order entered July 30, 2015, this Court conducted initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 60 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (DN 9). Upon initial review, the Court dismissed some of Plaintiff's claims.

With regard to his Fourth and Fourteenth Amendment claims, the Court directed Plaintiff to provide the status of his state-court criminal charges to determine if the remaining claims should be stayed under *Wallace v. Kato*, 549 U.S. 384, 393 (2007). Because Plaintiff notified the Court that the criminal charges were still pending, on February 24, 2016, the Court entered a Memorandum and Order directing that the remainder of the action be stayed pending the final disposition of the state criminal case against Plaintiff pursuant to *Wallace v. Kato*. Plaintiff having notified the Court that his state-court criminal case has concluded, by separate Order entered this date, the Court ordered that the stay of the action be lifted and this matter be returned to the active docket. The Court will now undertake initial screening of the remaining claims under § 1915A and *McGore v. Wrigglesworth*, 114 F.3d at 604.

I.

The Court will reiterate the facts summarized in the initial screening Memorandum Opinion and Order. Plaintiff is an inmate at the Kentucky State Reformatory. He sues the Louisville Metro Government, Louisville Police Chief Steven Conrad, ten Louisville Metro Police Department (LMPD) officers, and "Unknown SWAT Agents." He sues Defendants in their individual and official capacities.

Plaintiff states that on February 13, 2014, Defendant Det. William Pearson, Defendant LMPD officers, and unknown SWAT officers came to his home and executed a search warrant. Officers used "flash bang grenades and breaching tools" and destroyed several doors and windows, as well as Plaintiff's personal property. He states that a "flash bang grenade exploded (approx.) 6 feet from Plaintiff's face, while he slept in upstairs bedroom." He said that unknown SWAT officers then "jumped on Plaintiff's back, smashed his head into the bed as he was handcuffed, draged Plaintiff to the floor, kept jumping on him using knees, and fist, causing his nose to bleed" and other injuries. Plaintiff states that he asked to go to a hospital or see a doctor but was told "no." He states that an "EMT wiped the blood from Plaintiff's face and told Plaintiff he would be fine." He also contends that he continues to have "excruciating pain"; that he undergoes physical therapy due to the incident; and that he is being treated for post-traumatic stress disorder and insomnia due to the incident.

Plaintiff states that Defendant Pearson "changed times on the investigation report, and seized property forms." Plaintiff describes numerous items of his property which were seized or destroyed. He maintains that officers seized property from his home that was not named in the search warrant. Plaintiff also states that no one from LMPD secured his house after the search

2

which led "to people looting and causing more damage." He lists numerous items of his property which were stolen.

Plaintiff maintains that Defendant Louisville Metro Government "had a duty and legally responsible for the operations, up-keep and proper training for the employees of [LMPD], and to prevent civil rights from being violated." He also contends that Defendants Conrad and Pearson had a "duty and legal responsible for the operations and proper training for the employees of the LMPD and to prevent civil rights from being violated." Plaintiff states that Defendant Sgt. M. Thomerson "was assigned assessor to Lead Detective for Plaintiff's residence . . . . He had a duty and was legally responsible for the complete operations, supervision of Fourth Divion Flex Unit, and SWAT Team." He also states that Defendant Ryan C. Bates was the "Unit Supervisor/ Commander of the LMPD SWAT Team had a duty and legally responsible for all operations, command and equipment along with the proper training to prevent civil rights violations."

Plaintiff states that a search warrant was left at his home but that he "received discovery and is now in possession of two search warrants, one is not a copy, and not in the discovery and is signed in 'Blue INK' both having different handwriting." He states that one of the search warrants was not produced in his discovery. He further maintains, "On the investigative report the time of action is 1400 hrs. on the seized property report the time is 1200 hrs. this shows that reports were back dated and times were changed." He states that Defendants "intentionally drafted, backdated and forged reports and the search warrant" for his residence. He states that Defendants "falsified and back dated and forged legal documents . . . ." Plaintiff further contends that there was never a copy of the search warrant sent to the SWAT Team Commander prior to entry of his home. He also states that Defendant Pearson "never documented any damages that were done to the residence . . . ."

3

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent'

with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

Upon initial review of the action, the Court dismissed Plaintiff's claims under the Thirteenth Amendment to the United States Constitution and Sections 27 and 28 of the Kentucky Constitution. It also dismissed Plaintiff's claims against all Defendants in their official capacities without prejudice to Plaintiff's claims against Louisville Metro Government.

*False arrest, illegal search and seizure, excessive force, and denial of medical care*

Consistent with the initial screening Memorandum Opinion and Order, which the Court incorporates herein by reference, the Court construes the complaint as alleging false arrest, illegal search and seizure, excessive force, and denial of medical care in violation of the Fourth and Fourteenth Amendment of the United States Constitution and Section 10 of the Kentucky Constitution. Reading the complaint in a light most favorable to Plaintiff, the Court concludes that Plaintiff is alleging that all of the Defendants were present and involved in the allegedly wrongful conduct. Upon review, the Court will allow the claims of false arrest, illegal search and seizure, excessive force, and denial of medical care to proceed against the Louisville Metro Government and the following Defendants in their individual capacities: Detective William

Pearson, Sergeant M. Thomerson, E. McHugh, S. Claxon, T. Nett, V. Dougherty, D. Payne, M. Oerther, C. Geoghegan, Lieutenant Ryan C. Bates, and Unknown SWAT Agents.

### *Failure to train and supervise*

The Court also construes the complaint as alleging failure to train and supervise employees against Defendant Louisville Metro Government and Defendants Chief of Police Steven Conrad and Detective William Pearson in their individual capacities. The Court will also allow these claims to proceed for further development.

### *Personal property*

Further, Plaintiff alleges that numerous items of his property were seized or destroyed by Defendants. In addition, he maintains that no one from LMPD secured his home after the search which to led to people looting his home and causing more damage to it. However, the Supreme Court has held that where adequate remedies are provided by state law, the loss of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). In order to assert a claim for deprivation of property without due process under § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt*, 451 U.S. at 543-44. The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the Sixth Circuit held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id*. at 1066. The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Therefore, Plaintiff's

claims concerning the loss or destruction of his personal property will be dismissed for failure to state a claim upon which relief may be granted.

IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's claims alleging the loss or destruction of his personal property are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Scheduling Order directing Plaintiff to tender summons forms for all Defendants, directing service on Defendants, and setting pretrial deadlines with regard to the claims that have been allowed to proceed.

Date: June 22, 2016

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Jefferson County Attorney
4415.010